UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS VERILE, SR.,

    Plaintiff,                                     Hon. Paul L. Maloney

v.                                                 Case No. 1:20-cv-1015

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security regarding Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

**STANDARD OF REVIEW**

       The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining

whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff applied for benefits on February 25, 2015, alleging that he had been disabled since June 15, 2011,[1] due to a right eye implant, lower back pain, a "degenerative back," and a recurring cataract in his right eye. (ECF No. 11-5, 11-6, PageID.193-205, 227). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). Following a hearing, ALJ Sarah Smisek, in an opinion dated June 20, 2017, determined that Plaintiff was disabled beginning on February 20, 2015, but not prior thereto. (ECF No. 11-2, PageID.53-61, 72-99). The Appeal Council affirmed this determination after which Plaintiff appealed the matter in this Court.

In a decision dated September 27, 2019, the Honorable Ray Kent vacated the Commissioner's decision and remanded the matter for further consideration. (ECF No. 11-11, PageID.629-41). Following a second hearing, ALJ Smisek again determined that Plaintiff was disabled beginning on February 20, 2015, but not prior thereto. (ECF No. 11-10, PageID.558-69). The Appeals Council affirmed this determination, after which Plaintiff initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision. The issue presented by Plaintiff's appeal is not whether he is disabled, but instead whether his disability began prior to February 20, 2015.

---

[1] Plaintiff later amended his disability onset date to November 18, 2012. (ECF No. 11-10, PageID.561).

-3-

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that of November 18, 2012, Plaintiff suffered from a history of cataract surgery with implant, but that beginning on February 20, 2015, he further suffered from cataracts and degenerative disc disease of the lumbar spine, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 11-10, PageID.561-62).

With respect to Plaintiff's residual functional capacity, the ALJ found that prior to February 20, 2015, Plaintiff was able to perform medium level work with the following limitations: (1) no work requiring fine acuity; and (2) no driving at night. (*Id.*, PageID.562). The ALJ further determined that as of February 20, 2015, Plaintiff had the ability to perform light work subject to the following limitations: (1) he can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; (2) he can occasionally balance, stoop, kneel, crouch, and crawl; and (3) he requires a sit/stand option. (*Id.*, PageID.565).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid.*

Here, a vocational expert testified that, if Plaintiff were able to perform a limited range of medium work, as defined above, there existed more than two million jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (*Id.*, PageID.593-95). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Thus, with respect to the period from November 18, 2012, through February 19, 2015, the ALJ found that Plaintiff was not entitled to benefits. With respect to the period beginning February 20, 2015, however, the ALJ found Plaintiff entitled to disability benefits pursuant to Rule 202.06 of the medical-vocational guidelines.[2] (*Id.*, PageID.568-69).

---

[2] The medical-vocational guidelines, also known as the "grids," consider four factors relevant to a particular claimant's employability: (1) residual functional capacity, (2) age, (3) education, and (4) work experience. 20 C.F.R., Part 404, Subpart P, Appendix 2. Social Security regulations provide that "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00. In other words, a claimant may be awarded benefits if he satisfies the requirements of one of the particular rules correlating to a finding of disability. *See, e.g., Branon v. Commissioner of Social Security*, 539 Fed. Appx. 675, 679 (6th Cir., Oct. 2, 2013).

I.   **Plaintiff's RFC**

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").   The ALJ found that prior to February 20, 2015, Plaintiff retained the ability to perform a limited range of medium work.   Plaintiff argues that this finding is not supported by substantial evidence.   Specifically, Plaintiff argues that the ALJ erred by failing to recognize that his "degenerative disc disease and corresponding symptoms would have caused significant limitations in his ability to perform work activity prior to February 20, 2015."   Substantial evidence, however, supports the ALJ's determination.

On April 11, 2008, Plaintiff participated in an MRI examination of his lumbar spine the results of which indicated minimal findings.   (ECF No. 11-7, PageID.365-66).   Subsequent to this examination, Plaintiff continued working, for several years, at the heavy exertional level.   (ECF No. 11-6, 11-9, 11-10, PageID.235, 540-41, 561-62).   Also, as the ALJ observed, following this 2008 MRI, Plaintiff did not seek medical care for his back for almost seven years.   (ECF No. 11-10, PageID.563-64). An MRI, performed February 20, 2015, indicated that the condition of Plaintiff's lumbar spine had further degenerated when compared with his 2008 MRI.   (ECF

No. 11-7, PageID.295-96). Physical examinations conducted in February and March 2015 likewise revealed that Plaintiff's condition had worsened. (*Id.*, PageID.329-39). Accordingly, the ALJ found that, as February 20, 2015, Plaintiff could perform only a limited range of light work.

Again, the question presently before the Court is not whether Plaintiff is disabled, but instead whether there exists substantial evidence supporting the ALJ's determination that Plaintiff's disability began on February 20, 2015. The evidence cited by the ALJ substantially supports her finding that Plaintiff's disability began on February 20, 2015, but not prior thereto. Plaintiff has failed to identify medical evidence supporting his contention that his restriction to a limited range of light work predated February 20, 2015. Instead, Plaintiff's urges the Court to re-weigh the evidence and/or speculate as to the date his functional capacity diminished. The Court, however, cannot engage in either endeavor. Accordingly, this argument is rejected.

## II.     Treating Physician Doctrine

On June 12, 2017, Dr. Edward Haughn completed a brief form regarding Plaintiff's functional capacity. (ECF No. 11-8, PageID.515-16). Dr. Haughn reported that Plaintiff could perform only a limited range of sedentary work. (*Id.*). The doctor also reported that Plaintiff would need to lie down 2-3 times daily and would miss "more than four days [of work] per month" because of his impairments. (*Id.*). Dr. Haughn reported that Plaintiff experienced these functional limitations since 2012. (*Id.*, PageID.519). The ALJ afforded only "partial weight" to Dr.

Haughn's opinion.   (ECF No. 11-10, PageID.566-67).   Plaintiff argues that the ALJ erred by failing to afford controlling weight to the opinion of his treating physician.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Secretary of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citation omitted).   The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence.   *See Cohen*, 964 F.2d at 528; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376.   Such reasons must be "supported by the evidence in the case record, and must be

sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Ibid.* (citation omitted). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Ibid.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

The ALJ's decision to discount Dr. Haughn's opinion is supported by substantial evidence. Dr. Haughn did not examine or begin treating Plaintiff until February 16, 2015, one day after the date the ALJ deemed Plaintiff to be restricted to a limited range of light work and, therefore, disabled. (ECF No. 11-8, PageID.495-510, 519). As the ALJ noted, the medical record simply does not support the doctor's opinion. Plaintiff has not identified any item in Dr. Haughn's contemporaneous treatment notes, or the rest of the medical record, which supports the doctor's conclusion that Plaintiff was limited to sedentary work as far back as 2012. In response to questioning by Plaintiff's counsel, the doctor all but conceded that his opinion was based upon conjecture and assumptions the support for which was neither provided nor identified. (*Id.*, PageID.522).

In sum, the ALJ articulated good reasons, supported by substantial evidence, to discount Dr. Haughn's opinions. Plaintiff has failed to identify any error in the ALJ's assessment, but instead merely urges this Court to re-weigh the evidence and reach a different conclusion. As already noted, however, this Court is not permitted to re-weigh the evidence. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: March 3, 2022                    /s/ Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge